ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br>Peticionario<br><br>v.<br><br>PHYSICIAN CORRECTIONAL Y OTROS<br>Recurrido | KLRX202400019 | *MANDAMUS*<br><br><br>Sobre:<br>Servicios médicos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante esta Curia, por derecho propio, el señor Eliezer Santana Báez (señor Santana Báez o peticionario), mediante un recurso intitulado *Mandamus* en el cual solicita que instruyamos a *Physician Correctional* a brindarle atención médica.[1]

Adelantamos que, en virtud de los fundamentos que a continuación esbozaremos, procede desestimar el recurso de epígrafe.

## I.

El 9 de diciembre de 2024, el peticionario presentó ante esta Curia un auto de *Mandamus* mediante el cual implora que ordenemos a *Physician Correctional* a realizar unos laboratorios y a que lo refieran de regreso al Centro Médico Correccional, tal cual lo recomendó su médico internista. Lo antes, con el fin de que en el hospital atiendan las adherencias y complicaciones que presuntamente surgieron tras su operación de vesícula. Surge de su recurso que, el señor Santana Báez sufre de dolor abdominal, tiene

---

[1] Se autoriza al señor Santana Báez litigar como indigente, por lo que se exime de cancelar los aranceles correspondientes.

la barriga hinchada y está a la espera de una cirugía con carácter de urgencia.

Cabe puntualizar que, *Physician Correctional* es una entidad privada que el Departamento de Corrección y Rehabilitación (DCR) contrató para atender los asuntos médicos de los miembros de la población correccional. El peticionario reconoce en su recurso no haber agotado los remedios administrativos y justifica su proceder en que su situación médica es apremiante y no le permite cumplir con el trámite administrativo. Valga señalar que, su petitorio no consta bajo juramento, a pesar de que la Regla 54 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 54, exige que el *mandamus* se presente mediante una solicitud jurada.

Luego de examinar sosegadamente el recurso del señor Santana Báez, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

## II.

### A. Recurso de *Mandamus*

El Código de Enjuiciamiento Civil de Puerto Rico de 1933 establece el *mandamus* como un recurso extraordinario "altamente privilegiado" y discrecional, dirigido a una persona natural, a una corporación o foro judicial inferior con el propósito de exigirle judicialmente el cumplimiento de un acto que esté dentro de sus atribuciones o deberes. Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3421. De otra parte, el Artículo 650 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3422, dispone que:

> [e]l auto de *mandamus* podrá dictarse por el Tribunal Supremo o por el Tribunal de Primera Instancia o por cualquiera de sus magistrados o jueces cuando se hallen en el ejercicio de sus funciones o en sus oficinas, y se dirigirá a cualquier tribunal inferior, corporación,

junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene **como un deber resultante de un empleo, cargo o función pública**; pero aun cuando puede requerir a un tribunal inferior o a cualquiera de sus jueces para que adopte este criterio o para que proceda al desempeño de cualquiera de sus funciones, el auto no puede tener dominio sobre la discreción judicial. (Énfasis nuestro.)

Análogamente, el Tribunal Supremo ha resuelto que, a través del auto de *mandamus* se requiere "a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa." *Kilómetro 0 v. Pesquera López et al.,* 207 DPR 200, 214 (2021). En otras palabras, este recurso solo procede para exigir el cumplimiento de un deber impuesto por ley, es decir, un deber calificado como "ministerial" el cual no admite discreción en su ejecución, sino que es mandatorio e imperativo. *Íd.,* citando a *Romero, Valentín v. Cruz, CEE et al.*, 205 DPR 972 (2020).

Cabe enfatizar que, por su naturaleza extraordinaria, la expedición del *mandamus* debe utilizarse cuando no hay otro remedio ordinario dentro del curso de la ley para hacer cumplir el deber ministerial. El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado, el impacto del recurso en el interés público envuelto, sopesado con la posible intromisión indebida en las gestiones gubernamentales y su efecto sobre los derechos de terceros. *Kilómetro 0 v. Pesquera López et al.,* supra, a la pág. 215.

Los requisitos de contenido de una petición de *mandamus* surgen de la Regla 55 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 55. En lo pertinente, el inciso (D) de la citada Regla 55 de nuestro Reglamento dispone que, el recurso de *mandamus* deberá contener "[c]ualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento [...]"

Ahora bien, la Regla 54 del Reglamento de esta Curia, 4 LPRA

Ap. XXII-B, R. 54, establece que su aplicabilidad se regirá por las Reglas de Procedimiento Civil y por las leyes especiales pertinentes. Particularmente, la Regla 54 de las Reglas de Procedimiento Civil, *supra*, exige como requisito de forma que, la parte promovente del auto de *mandamus* presente la petición juramentada. Cabe resaltar que, el hecho de que el promovente de un recurso de *mandamus* comparezca por derecho propio no constituye justa causa para eximirlo de cumplir con las disposiciones reglamentarias establecidas para su presentación y forma. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 173 (2016).

### III.

Según adelantamos en el tracto procesal, el señor Santana Báez solicita nuestra intervención mediante un auto de *mandamus* dirigido a *Physician Correctional.* Cabe reiterar que, el peticionario omitió juramentar su recurso para dar cumplimiento a la Regla 54 de las Reglas de Procedimiento Civil, *supra.* Además, el peticionario instó su petitorio sin anejar documento alguno que nos sirva de utilidad para evaluar su reclamo, para acreditar nuestra jurisdicción y para ejercer nuestra función revisora, tal cual lo exige la Regla 55 de nuestro Reglamento, *supra.* Concluimos de lo anterior que, el recurso del peticionario no fue adecuadamente presentado y perfeccionado.

A lo antes se añade que, el peticionario dirigió su recurso en contra de *Physician Correctional* quien, como expresamos anteriormente, es un organismo privado que el DCR contrató y a quien delegó los asuntos médicos de la población correccional. Surge de la normativa antes esbozada que, el auto de *mandamus* es un remedio en ley para exigir de una persona natural o jurídica el desempeño de un cargo o función pública. Artículo 650 del Código de Enjuiciamiento Civil de Puerto Rico, *supra.* Entiéndase que, el *mandamus* no tiene el alcance de obligar a una persona natural o

jurídica a ejercer un cargo o deber que no constituya una función pública. Reconocemos que, le corresponde al Departamento de Corrección y Rehabilitación atender con prioridad la seguridad, la salud, el bienestar y la rehabilitación de la población que sirve. Sin embargo, en ausencia de reclamación directa a la referida agencia y ante el carácter privado de *Physician Correctional*, así como, debido a la falta de perfeccionamiento del recurso de conformidad con la normativa aplicable, nos vemos obligados a desestimar el presente recurso por falta de jurisdicción.[2]

**IV.**

Por los fundamentos antes expuestos, ordenamos la desestimación del auto de *Mandamus.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Barresi Ramos concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Resaltamos que, lo antes no impide que *Physician Correctional*, tome conocimiento de lo informado y brinde los servicios médicos con la premura que entienda ameritan las necesidades de salud del peticionario.